In the matter of the estate of THOMAS BUZBY, deceased, who died testate.

[Submitted November 17th, 1921. Determined January 24th, 1922.]

1. Under a will bequeathing the residue of a testator's personal estate to his wife, and after her death or marriage "to such persons as would by law inherit the same," the persons referred to are those who would take under the statute of distributions at the marriage or death of the wife.

2. A limitation over to the "heirs-at-law" or "next of kin" of a testator after a life estate refers to persons who are heirs-at-law or next of kin at the time of the testator's decease, even though the life tenant should be one of them, or should be the sole person to take, the natural presumption to the contrary being insufficient to control the legal and fixed meaning of the technical words as necessarily referring to the testator's death, in the absence of provisions in the will fixing some other time.

On appeal from a decree of the orphans court.

*Mr. William H. Clevenger,* for the appellant.

*Messrs. Leap, Sharpless & Way,* for the respondent.

LEAMING, VICE-ORDINARY.

This appeal involves the construction of the fifth paragraph of the will of Thomas Buzby, deceased. That paragraph is as follows:

> "5th. I give and bequeath unto my beloved wife Mary M. Buzby during her natural life or while she remains my widow, all and singular the residue of all my personal estate of whatsoever kind I may be possessed of, at the time of my decease, and after her death or marriage, to such person or persons as would by law inherit the same."

The single question which has been controverted is whether the gift of the *corpus* of the personal property referred to in the paragraph above quoted is to be understood as a gift to the persons who were next of kin of testator at the time of his death, or to the persons who would stand in that relation to testator at the decease of the life tenant, who has recently died.

In no other part of the will is there to be found any provision which can be said to materially aid this inquiry.

It is a well-recognized rule that such words as "such persons as would by law inherit the same" are interpreted in reference to the kind of property, whether real or personal, which is the subject of testamentary disposition. Accordingly, the gift to such persons as would by law inherit the same must be here understood to refer to the persons who would take under the statute of distribution at the time intended by testator. *Trenton Trust Co.* v. *Donnelly,* 65 N. J. Eq. 119, 124; *Leavitt* v. *Dunn,* 56 N. J. Law 309; *Meeker* v. *Forbes,* 84 N. J. Eq. 271.

Touching the primary issue above stated it was recognized in *Tuttle* v. *Woolworth,* 62 N. J. Eq. 532, that where a life estate is given to a person, and the limitation over is to the "heirs-at-law" or "next of kin" of testator, the limitation over will be understood to refer to the persons who were heirs-at-law or next

of kin of testator at the time of his decease, even though the life tenant should thereby take as one of the heirs or next of kin, or even be the sole person to take under such limitation over; the reason underlying that determination being that what is referred to as the natural presumption to the contrary is not sufficient to control the legal and fixed meaning of the technical words "next of kin" or "heirs-at-law," as necessarily referring to testator's death, in the absence of directions in the will fixing some other time.

The same general view was adopted in *Oleson* v. *Somogyi, 90 N. J. Eq. 342,* although the time of the decease of the life tenant was there determined upon as the time intended by testator, notwithstanding the use of the technical words "heirs-at-law" and "next of kin" of testator in the limitation over. The view there made the basis of the decision was that even slight indication of testator's intent to refer to his heirs or next of kin at the termination of the life estate should overcome any presumption to the contrary arising from the use of the technical words.

In the recent case of *American Builders Corporation* v. *Galligan, 93 N. J. Eq. 51,* the gift over was to "such persons as would by law inherit the same." The language there adopted by testator is identical with that in the present case. The absence of the technical words in the gift over was there held to distinguish the case from *Tuttle* v. *Woodworth, supra,* in that it removed the impelling force of the purely technical words already referred to, and it was there broadly held that a devise over after an estate for life "to such persons as would by law inherit," imports heirs living at the death of the life tenant. It was also there held that the use of the word "would" further imported the death of the life tenant as the time referred to by testator; *Briden* v. *Hewlett, 2 Myl. & K. 90,* being cited to that effect.

The decision in *American Builders Corporation* v. *Galligan, supra,* obviously controls the determination of this case.

A decree will be advised in accordance with these views.